I concur completely with Justice Embry's dissent and add one comment: I am persuaded that the cases from other jurisdictions supportive of the majority opinion take their lead from the textwriters who disagree with the underlying policy of the Statute of Frauds. They grasp for every conceivable exception in order to narrow the Statute's field of operation but the policy call is not the Court's to make. This prerogative has been exercised by the legislature.
If ever the application of the Statute's express policy is called into play, it is within the context of the instant facts. Certainty as to the terms of duration of an employment contract is a requisite to its fair enforcement; otherwise, fraud is its probable incident. Moreover, a contract should be enforced according to the mutual contemplation of the parties. To hold that these parties contemplated performance of a lifetime employment contract within one year, thus falling outside the purview of the Statute is to attribute the worst of motives to either one or both of them — suicide on the part of the one or murder on the part of the other.